of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**SHEN WU, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

No. 07–5701–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2009.

Thomas V. Massucci, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Leah V. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

### SUMMARY ORDER

Petitioner Shen Wu, a native and citizen of the People's Republic of China, seeks review of a November 30, 2007 order of the BIA denying his motion to reopen. *In re Shen Wu*, No. A076 785 862 (B.I.A. Nov. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

We find that the agency did not abuse its discretion in denying Wu's untimely motion to reopen because we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Wu's argument that the BIA failed to give particularized attention to his evidence is unavailing, as we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao*, 546 F.3d at 169, and will "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006). Wu asserts that "[t]he new evidence of changes in the implementation and enforcement of the family planning policy in [his] province are changes in conditions arising in China." However, the BIA reasonably deemed his evidence, including the letter from his father, "inadequate" to establish changed country conditions in China. *See Xiao Ji Chen*, 471 F.3d at 342 (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ); *Jian Hui Shao*, 546 F.3d at 148–49, 169, 174.

Finally, Wu's argument that he is entitled to file a successive asylum application without complying with the requirements for a motion to reopen fails under *Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).